## PROMISSORY NOTE

**Date:** July 28, 2023

**Borrower:**  Greenville Construction, LLC

**Borrower's Mailing Address:**  5907 Wesley St., Ste. 102
Greenville, TX 75402
Hunt County

**Lender:**  Zinnow Investments, LLC

**Place for Payment:**  806 Coleman Ave, Unit 9
Menlo Park, CA  94025

**Principal Amount:**  $500,000.00

**Annual Interest Rate:**  15%

**Maturity Date:**  January 28, 2024

**Annual Interest Rate on Matured, Unpaid Amounts:**  15%

**Terms of Payment (principal and interest):**

The Interest on the original Principal Amount shall be due and payable in equal monthly installments of Six Thousand Two Hundred Fifty and 0/100's ($6,250.00) Dollars beginning August 28, 2023, and continuing on the 30th day of each month thereafter through and including January 28, 2024 (the "Maturity Date"), at which point the Principal Amount shall become fully due and payable.

**Security for Payment:**  This Note is secured by a Deed of Trust of even date from Borrower to Zinnow Investments, LLC, which covers the following real property:

All those certain lots, tracts or parcels of land being more particularly described in the attached Exhibit A.

**Other Security for Payment:**  None

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. After maturity, Borrower promises to pay any unpaid principal balance plus interest at the Annual Interest Rate on Matured, Unpaid

---

Amounts.

If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Notwithstanding any other provision of this note, in the event of a default, before exercising any of Lender's remedies under this note or any deed of trust or warranty deed with vendor's lien securing it, Lender will first give Borrower written notice of default and Borrower will have ten days after notice is given in which to cure the default. If the default is not cured ten days after notice, Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

**Late Payment**: A late fee in the amount of $50 shall be assessed for any payment received more than five (5) days after the due date.

**Prepayment**: Borrower may not prepay this Note for six (6) months following the Effective Date; however, upon the expiration of said period, Borrower shall be fully entitled to prepay this Note in any amount, without penalty or premium, at any time prior to the Maturity Date.

**Application of Prepayment:** Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

A default exists under this note if (1) (a) Borrower or (b) any other person liable on any part of this note or who grants a lien or security interest on property as security for any part of this note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any

PROMISSORY NOTE                                                                                    PAGE 2

written agreement between Lender and Borrower or any Other Obligated Party; (2) any warranty, covenant, or representation in this note or in any other written agreement between Lender and Borrower or any Other Obligated Party is materially false when made; (3) a receiver is appointed for Borrower, any Other Obligated Party, or any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this note; (4) any Collateral Security is assigned for the benefit of creditors; (5) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (6) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; (7) any of the following parties is dissolved, begins to wind up its affairs, is authorized to dissolve or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the dissolution or winding up of the affairs of any of the following parties: Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; and (8) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition.

If any provision of this note conflicts with any provision of a loan agreement, deed of trust, or security agreement of the same transaction between Lender and Borrower, the provisions of the deed of trust will govern to the extent of the conflict.

This note will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction.

**GREENVILLE CONSTRUCTION, LLC**

By: _____
Larry Ellis, Chief Operating Officer

STATE OF TEXAS            )
                          )
COUNTY OF HUNT            )

This instrument was acknowledged before me on _July 25_, 2023, by Larry Ellis on the behalf of Greenville Construction, LLC, as the Chief Operating Officer thereof.

_____
Notary Public, State of Texas

ELYSSA ANN HARE
Notary Public, State of Texas
Comm. Expires 10-30-2023
Notary ID 132232868

PROMISSORY NOTE                                                              PAGE 3

## GUARANTY

Larry Ellis, hereby acting as an individual, personally guarantees the payment of this Promissory Note by and between Greenville Construction, LLC, and Zinnow Investments, LLC, dated July 28, 2023.

By:_____
Larry Ellis, an Individual

STATE OF TEXAS          )
                                  )

COUNTY OF HUNT         )

    This instrument was acknowledged before me on _____, 2023, by Larry Ellis, an individual, who personally appeared before me.

> ELYSSA ANN HARE
> Notary Public, State of Texas
> Comm. Expires 10-30-2023
> Notary ID 132232868

_____
Notary Public, State of Texas

## EXHIBIT A

**BEING** 3.029-acres of land located in the Wiley A. Mattox Survey, Abstract Number 679, City of Greenville, Hunt County, Texas, and being a part of the 14.141-acre Greenville Construction, LLC tract, described deed recorded in document number 2020-11011, Deed Records, Hunt County, Texas (DRHCT), and being more particularly described by metes and bounds as follows:

**BEGINNING** at a 1/2-inch iron rod with cap stamped "STOVALL ASSOC" found at the northeast corner of said 14.141-acre tract and the southeast corner of the 0.965-acre Red Dingo, LLC tract, described deed recorded in volume 1822, page 464, DRHCT, same being in the west right-of-way line of Farm-to-Market Road 1570 (FM 1570), a 100 ft. right-of-way, also called Jack Finney Blvd.;

**THENCE** southerly, along the common line of said 14.141-acre tract and said FM 1570, South 01 degrees 47 minutes 43 seconds East, a distance of 450.02 feet to a point for corner;

**THENCE** South 88 degrees 32 minutes 50 seconds West, a distance of 295.23 feet to a point for corner;

**THENCE** North 01 degrees 27 minutes 10 seconds West, a distance of 447.87 feet to a point for corner in the south line of the Red Dingo, LLC called 1.00-acre tract, described deed recorded in document number 2014-7601, DRHCT.

**THENCE** North 88 degrees 07 minutes 42 seconds East, along the north line of said 14.141-acre tract, and said Red Dingo, LLC called 1.00-acre tract,  and passing a 5/8-inch iron rod found at the common south corner of said 1.00-acre tract and the above mentioned 0.965-acre tract at a distance of 93.57 feet and continuing a total distance of 292.54 feet to the **POINT OF BEGINNING AND CONTAINING** 3.029 acres of land more or less.