2023-14210    DT Total Pages: 8

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## DEED OF TRUST

### Terms

**Date:**          July 28, 2023

**Grantor:**     Greenville Construction, LLC

**Grantor's Mailing Address:**          5907 Wesley St., Ste. 102
Greenville, TX 75402
Hunt County, Texas

**Trustee:**     Brent A. Money

**Trustee's Mailing Address:**          2606 Lee St.
Greenville, TX 75401
Hunt County, Texas

**Lender:**     Zinnow Investments, LLC

**Lender's Mailing Address:**          806 Coleman Ave Unit 9
Menlo Park, CA 94025

**Obligation**

  **Note**

    **Date**: July 28, 2023

    **Original Principal Amount**:

        Five Hundred Thousand and 0/100's Dollars pursuant to a Promissory Note of even date executed by Grantor and payable to the order of Lender, the terms of which are incorporated as if fully described herein.

    **Borrower**:    Greenville Construction, LLC

    **Lender**:    Zinnow Investments, LLC

    **Maturity date**:          January 28, 2024

---

**DEED OF TRUST**

**Terms of Payment**:   As provided in the note.

**Other Debt**:   None.

**Property (including any improvements):**

All those certain lots, tracts or parcels of land  being  more particularly described in the attached **Exhibit A**.

**Prior Lien:**   None.

**Other Exceptions to Conveyance and Warranty:**

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust.   Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty.   On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

### Clauses and Covenants

**A.**   **Grantor's Obligations**

Grantor agrees to-

1.   keep the Property in good repair and condition;

2.   pay all taxes and assessments on the Property before delinquency;

3.   defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.   maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;

5.   obey all laws, ordinances, and restrictive covenants applicable to the Property;

6.   keep any buildings occupied as required by the Required Insurance Coverages;

7.   if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

---

DEED OF TRUST                                                                                                          PAGE 2

8.     notify Lender of any change of address.

## B.    Lender's Rights

1.    Lender or Lender's mortgage servicer may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender are subrogated to all the rights and liens of the holders of any debt so paid.

3.    Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determine that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

4.    Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in their discretion determine.

5.    If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.    If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

    a.    declare the unpaid principal balance and earned interest on the Obligation immediately due;

    b.    direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    c.    purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

7.    Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C.     Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

1.     either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.     sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3.     from the proceeds of the sale, pay, in this order-

a.     expenses of foreclosure, including a reasonable commission to Trustee;

b.     to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c.     any amounts required by law to be paid before payment to Grantor; and

d.     to Grantor, any balance; and

4.     be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.     General Provisions**

1.     If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser.   If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.     Recitals in any trustee's deed conveying the Property will be presumed to be true.

3.     Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.     This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

5.     If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.     Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property.   After deducting any

---

expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7. Grantor assigns to Lender absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lender's licensee collect rent and other income and receipts as long as Grantor is not in default with respect to the Obligation or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Obligation and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due with respect to the Obligation and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Obligation or performance of this deed of trust, Lender may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lender neither have nor assume any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lender's rights and remedies and then to Grantor's obligations with respect to the Obligation and this deed of trust in the order determined by Lender. Lender are not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Lender's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. When the context requires, singular nouns and pronouns include the plural.

11. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

12. Grantor and Lender expressly agree that the *Note* is "non-escrow" and that all payments for taxes, insurance, and other assessments be made by Grantor outside of the debt obligations under the *Note* directly to the Tax Assessor Collector, Hazard Insurer, or other

---

**DEED OF TRUST**

assessment payee.

13.     If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

14.     GRANTOR MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTOR OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

15.     If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default.  If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

16.     This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

17.     If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

18.     Grantor and each surety, endorser, and guarantor of the Obligation waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

19.     Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

20.     If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

21.     The term *Lender* includes any mortgage servicer for Lender.

[SIGNATURE PAGE TO FOLLOW]

---

DEED OF TRUST                                                                                    PAGE 6

**GREENVILLE CONSTRUCTION, LLC**

By: _____

Larry Ellis, Chief Operating Officer

STATE OF TEXAS )
)
COUNTY OF HUNT )

This instrument was acknowledged before me on _____ __, 2023, by Larry Ellis on the behalf of Greenville Construction, LLC, as the Chief Operating Officer thereof,

ELYSSA ANN HARE
Notary Public, State of Texas
Comm. Expires 10-30-2023
Notary ID 132232868

_____
Notary Public, State of Texas

## EXHIBIT A

BEING 3.029-acres of land located in the Wiley A. Mattox Survey, Abstract Number 679, City of Greenville, Hunt County, Texas, and being a part of the 14.141-acre Greenville Construction, LLC tract, described deed recorded in document number 2020-11011, Deed Records, Hunt County, Texas (DRHCT), and being more particularly described by metes and bounds as follows:

BEGINNING at a 1/2-inch iron rod with cap stamped "STOVALL ASSOC" found at the northeast corner of said 14.141-acre tract and the southeast corner of the 0.965-acre Red Dingo, LLC tract, described deed recorded in volume 1822, page 464, DRHCT, same being in the west right-of-way line of Farm-to-Market Road 1570 (FM 1570), a 100 ft. right-of-way, also called Jack Finney Blvd.;

THENCE southerly, along the common line of said 14.141-acre tract and said FM 1570, South 01 degrees 47 minutes 43 seconds East, a distance of 450.02 feet to a point for corner;
THENCE South 88 degrees 32 minutes 50 seconds West, a distance of 295.23 feet to a point for corner;

THENCE North 01 degrees 27 minutes 10 seconds West, a distance of 447.87 feet to a point for corner in the south line of the Red Dingo, LLC called 1.00-acre tract, described deed recorded in document number 2014-7601, DRHCT.

THENCE North 88 degrees 07 minutes 42 seconds East, along the north line of said 14.141-acre tract, and said Red Dingo, LLC called 1.00-acre tract, and passing a 5/8-inch iron rod found at the common south corner of said 1.00-acre tract and the above mentioned 0.965-acre tract at a distance of 93.57 feet and continuing a total distance of 292.54 feet to the POINT OF BEGINNING AND CONTAINING 3.029 acres of land more or less.

THE STATE OF TEXAS

COUNTY OF HUNT

I hereby certify that this instrument was FILED on the date and the time stamped hereon by me and was duly RECORDED in the Records of HUNT County, Texas.

2023-14210    DT
07/28/2023 09:23 AM

Becky Landrum, County Clerk
Hunt County, TX